IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA MARIE KEE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL,<br><br>　　　　Defendant. | Case No. 16-cv-05170-MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 32 |

Before the Court is plaintiff's Motion for Attorney's Fees, filed July 3, 2018. Defendant Nancy A. Berryhill has filed a Response in Opposition. Plaintiff has not filed a reply. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

In the above-titled action, plaintiff alleges that an administrative law judge ("ALJ") improperly denied plaintiff's application for social security benefits. By order filed April 5, 2018, the Court granted plaintiff's motion for summary judgment, finding the ALJ erred in the "step three assessment of Listing 12.05C" (see Order, filed April 5, 2018, at 8:17-18), and remanded the matter for further proceedings (see id. at 9:18-22). On April 6, 2018, the Clerk of Court entered judgment in favor of plaintiff.

By the instant motion, plaintiff seeks an award of attorney's fees and expenses, pursuant to 28 U.S.C. § 2412(a) and (d). There is no dispute that plaintiff qualifies as a prevailing party entitled to a reasonable award of fees and expenses under § 2412. The Court next considers the amount of the award.

---

[1] By order filed September 17, 2018, the Court took the matter under submission.

In determining a reasonable attorney's fee, a court begins by "multipl[ying] the number of hours reasonably expended on the litigation by a reasonable hourly rate." See Costa v. Comm'r of the Soc. Sec. Admin., 690 F.3d 1132, 1135 (9th Cir. 2012) (internal quotation, alteration and citation omitted). Here, plaintiff seeks an award of attorney's fees in the amount of $16,237.53, which sum is based on the following: (1) $14,405.03 for 73.2 hours of work performed by plaintiff's counsel of record at an hourly rate of $196.79; and (2) $1832.50 for 14.2 hours of work performed by a paralegal at hourly rates of $125 and $130 for, respectively, 2.7 hours performed in 2016 and 11.5 hours performed in 2017 and 2018. (See Weems Decl. Ex. 1.)[2]

Defendant does not dispute the reasonableness of the hourly rates sought, and the Court finds, for the reasons stated by plaintiff, that the hourly rates sought are reasonable.

Defendant does, however, dispute the reasonableness of the number of hours claimed, which, defendant argues, should be reduced by 50%.

In that regard, defendant first contends the hours should be reduced "because the majority of [plaintiff's] arguments were not addressed by the Court." (See Def.'s Response at 3:25-25.) Such contention is not persuasive. In particular, plaintiff's motion for summary judgment raised three arguments in support of her claim that her application for benefits should not have been denied, and the Court, after concluding the first of those three arguments had merit, did not find it necessary to consider the additional two arguments. Under such circumstances, a reduction is not warranted. See Hensley v. Eckerhart, 461 U.S. 424, 435 (1983) (holding "[l]itigants in good faith may raise alternative grounds for a desired outcome, and the court's . . . failure to reach certain grounds is not a sufficient reason for reducing a fee").

Defendant next argues a reduction is warranted because the Court remanded the

---

[2] The total number of attorney and paralegal hours is thus 87.4, not 96.10, a miscalculation that appears in the above exhibit.

2

1  case for further proceedings rather than issue an award of benefits.  Again, the Court is
2  not persuaded.  Although an award of fees may be "reduce[d] to account for the limited
3  success" of the prevailing party, see id. at 436-37, district courts, when applying such
4  principle in social security cases, have found, and this Court agrees, that a remedy in the
5  form of further proceedings as opposed to benefits is not the type of limited success that
6  warrants a reduction.  See, e.g., Jones v. Colvin, 2013 WL 3490630, at *9 (W.D. Wash.
7  June 28, 2013) (holding "the relief plaintiff received from the [court] – reversal and
8  remand for further administrative proceedings – does constitute substantial relief that is
9  not so limited as to warrant a reduction in attorney's fees merely because she did not
10 obtain her primary form of requested relief"); Denton v Astrue, 2013 WL 673860, at *3 (D.
11 Ore. February 25, 2013) (finding order remanding for further proceedings constituted
12 "substantial" relief, as "remand enables [p]laintiff to move forward with his claim";
13 declining to reduce fees requested); Penrod v. Apfel, 54 F. Supp. 2d 961, 963 (D. Az.
14 1999) (holding, where plaintiff prevailed on "significant" issue by demonstrating "[m]aterial
15 errors were made during administrative proceedings," plaintiff entitled to award based on
16 all reasonable work expended; noting "[i]t is of little, if any, consequence that [p]laintiff
17 preferred [an award of benefits] over remand").

18       Lastly, defendant argues the number of hours claimed should be reduced because
19 the 87.4 hours claimed are "beyond [the] hours normally expended by attorneys in similar
20 disability cases."  (See Def.'s Response at 4:12-13.)  In support of such argument,
21 defendant cites several cases in which district courts have based fee awards on a lower
22 number of hours.  (See id. at 4:13-5:12.)  As the Ninth Circuit has explained, however,
23 although "[s]urveying the hourly rates awarded to attorneys of comparable experience
24 and skill is a useful tool for assessing the reasonableness of a requested hourly rate,"
25 reviewing "the amount of time spent on other cases" is "far less useful for assessing how
26 much time an attorney can reasonably spend on a specific case because that
27 determination will always depend on case-specific factors."  See Costa, 690 F.3d at 1136
28 (reversing reduction of number of hours claimed, where based on attempt to "get[ ] the

number of hours down" to what district judge believed should be "upper limit" in social security cases). Here, the Court finds the amount of time expended on the tasks identified by plaintiff's counsel was reasonable in light of the size of the record and the issues presented therein.

Accordingly, the Court will award plaintiff the amount of attorney's fees sought, specifically, $16,237.53.

With respect to expenses, plaintiff seeks $25.83, corresponding to $1.88 for postage and $23.95 for Westlaw charges. Defendant does not dispute the reasonableness of the claimed expenses, and the Court finds the sums reasonable.

Accordingly, the Court will award plaintiff the amount of expenses sought, specifically, $25.83.

**CONCLUSION**

For the reasons stated above, plaintiff's motion is hereby GRANTED. Specifically, plaintiff, as the prevailing party, is hereby AWARDED her attorney's fees in the amount of $16,237.53, together with expenses in the amount of $25.83, for a total of $16,263.36.

**IT IS SO ORDERED.**

Dated: September 21, 2018

MAXINE M. CHESNEY
United States District Judge